**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 05-4786**

————————————

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　v.

RICHARD EDWARD PURNELL, a/k/a Smoke,

　　　　　　Defendant - Appellant.

————————————

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg. W. Craig Broadwater,
District Judge. (CR-04-53)

————————————

Submitted: February 26, 2008　　　Decided: March 12, 2008

————————————

Before SHEDD and DUNCAN, Circuit Judges, and WILKINS, Senior
Circuit Judge.

————————————

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

————————————

Robert C. Stone, Jr., Martinsburg, West Virginia, for Appellant.
Thomas E. Johnston, United States Attorney, Paul T. Camilletti,
Assistant United States Attorney, Martinsburg, West Virginia, for
Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Appellant Richard Edward Purnell was convicted of conspiracy to distribute narcotics, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999 & Supp. 2007) (Count One), receiving and possessing an unlawful firearm, in violation of 26 U.S.C. §§ 5841, 5861(c), 5871 (2000) (Count Two), eight counts of distributing crack cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(C) (Counts Three, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen and Sixteen), and, of relevance to this appeal, two counts of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A), (c)(1)(B)(I), (ii) (2000) (Counts Four and Fifteen). Purnell makes several challenges to Counts Four and Fifteen. Because there was insufficient evidence supporting the two convictions, we vacate the convictions and sentences. As a result, we will not address the other arguments Purnell raised on appeal.

With respect to Counts Four and Fifteen, the jury found Purnell guilty of using and carrying a firearm during and in relation to a drug trafficking offense. Purnell was found to have used and carried the firearms at issue because he traded crack cocaine for the firearms. At the close of the Government's case, Purnell moved for a judgment of acquittal on both counts, arguing that bartering drugs for firearms does not constitute using or

carrying a firearm under § 924(c).  The court denied Purnell's motion.

We review the district court's decision to deny a Rule 29 motion de novo.  United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006).  Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  Glasser v. United States, 315 U.S. 60, 80 (1942); Smith, 451 F.3d at 216.  This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear."  United States v. Moye, 454 F.3d 390, 394 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 452 (2006).

While this appeal was pending, the Supreme Court issued Watson v. United States, 128 S. Ct. 579 (2007).  In Watson, the Supreme Court reversed the defendant's conviction for use of a firearm in furtherance of a drug trafficking offense, which was predicated on the defendant's receipt of a firearm in exchange for drugs.  Watson, 128 S. Ct. at 582, 586.  Building on the Court's jurisprudence in Smith v. United States, 508 U.S. 223 (1993), and Bailey v. United States, 516 U.S. 137 (1995), the Court ruled that "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs."  Watson, 128 S. Ct. at 586.

Because of the Supreme Court's holding in <u>Watson</u>, we must find the evidence supporting Counts Four and Fifteen was insufficient. Accordingly, while we affirm the convictions and sentences for Counts One, Two, Three, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen and Sixteen, we vacate the convictions and sentences for Counts Four and Fifteen. We remand to the district court to enter an amended judgment consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED AND REMANDED IN PART</u>
